**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**FREDERICK TAYLOR (#584738)**　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**UNKNOWN VANNOY, ET AL.**　　　　　　　　　　**NO. 18-700-SDD-EWD**

## NOTICE

　　Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

　　In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

　　ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

　　Signed in Baton Rouge, Louisiana, on August 19, 2021.

　　　　　　　　　　　　　　　　　　　　　　*/s/ Erin Wilder-Doomes*
　　　　　　　　　　　　　　　　　　　　　　**ERIN WILDER-DOOMES**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**FREDERICK TAYLOR (#584738)**          **CIVIL ACTION**

**VERSUS**

**UNKNOWN VANNOY, ET AL.**          **NO. 18-700-SDD-EWD**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before this Court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("federal habeas application") of Frederick Taylor ("Petitioner").[1] It is recommended that Petitioner's application be denied as it is untimely, unexhausted, and procedurally barred. There is no need for oral argument or for an evidentiary hearing.

### I.   Procedural History

On November 19, 2009, Petitioner was indicted in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana for second degree murder.[2] After waiving his right to a jury trial,[3] Petitioner was found guilty at a bench trial and sentenced to life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence.[4] Petitioner did not timely file a direct appeal with the Louisiana Court of Appeal, First Circuit ("First Circuit"). On October 26, 2011, Petitioner filed an application for post-conviction relief in the state trial court seeking leave to file an out-of-time appeal, which was granted.[5] Appointed counsel filed a brief with the First Circuit stating that there were no non-frivolous issues for appeal.[6] Plaintiff was also permitted to file a *pro se* brief.[7] The First Circuit affirmed Petitioner's

---

[1] R. Doc. 1.
[2] R. Doc. 10, p. 1.
[3] R. Doc. 10, p. 10.
[4] R. Doc. 10, pp. 11-12; pp. 81-82.
[5] R. Doc. 10, p. 111.
[6] R. Doc. 10-1, pp. 98-101. Essentially, this was an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967).
[7] R. Doc. 10-1, pp. 111; 122-129.

conviction and sentence on April 26, 2013.[8] The Louisiana Supreme Court denied further review on November 22, 2013.[9]

On or about June 11, 2014, Petitioner filed an application for post-conviction relief ("PCR application") in the state trial court on the basis that he received ineffective assistance of counsel because his trial counsel failed to evaluate his mental illness or request a sanity commission.[10] On September 22, 2017, the trial court denied Petitioner's PCR application.[11] Petitioner did not seek further review with the First Circuit or the Louisiana Supreme Court. Petitioner filed his federal habeas application on July 16, 2018, asserting that he received ineffective assistance of trial counsel because counsel failed to obtain a mental health evaluation from a sanity commission despite Petitioner's history of mental illness, failed to enter dual pleas of not guilty and not guilty by reason of insanity, and failed to provide adequate evidence of Petitioner's mental diagnosis and mental health history at trial.[12]

## II. Petitioner's Federal Habeas Application is Untimely and neither Statutory nor Equitable Tolling is Warranted

A one-year statute of limitations applies to federal habeas corpus claims brought by prisoners in state custody.[13] This limitations period starts on the date the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review.[14] If a petitioner stops the direct appeal process before proceeding through all available state courts, "the conviction becomes final when the time for seeking further direct review in the state court

---

[8] R. Doc. 10-1, pp. 137-141.
[9] R. Doc. 10-1, p. 143.
[10] R. Doc. 10-1, p. 199 to R. Doc. 10-2, p. 21.
[11] R. Doc. 10-4, p. 12.
[12] R. Doc. 1-1.
[13] 28 U.S.C. § 2244(d).
[14] 28 U.S.C. § 2244(d)(1)(A).

2

expires."[15]  After a ruling by the state's highest court on direct appeal, a petitioner's judgment becomes final when the United States Supreme Court issues a decision denying discretionary review or, if no application for review is made, upon the conclusion of the ninety-day time period to seek review.[16]  The time during which an application for state post-conviction or other collateral review is "pending" in the state courts is not counted toward the one-year limitations period.[17]  A state post-conviction relief application is considered "pending" (1) while it is before a state court for review; and (2) during the time given to file a timely application for further review at the next level of state consideration (thirty days in the State of Louisiana, unless an *allowable* extension is granted).[18]

### A. 374 Days of Untolled Time Passed Before Petitioner Filed His Federal Habeas Petition

At the outset, Respondent is incorrect that Petitioner's conviction became final on July 7, 2011 because he failed to timely file an appeal.  Because Petitioner's request for an out-of-time appeal was granted, his conviction was not final until the conclusion of that review, as explained by the United States Supreme Court in *Jimenez v. Quarterman*:

> We hold that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A). In such a case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.[19]

---

[15] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).
[16] *See id.*
[17] 28 U.S.C. § 2244(d)(2).
[18] *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).
[19] 555 U.S. 113, 121 (2009).  Petitioner's *pro se* direct appeal brief was stamped "TIMELY," presumably by the First Circuit.  R. Doc. 10-1, p 122.

3

Accordingly, Petitioner's conviction became final on February 21, 2014—ninety days after the Louisiana Supreme Court's November 22, 2013 denial of review of Petitioner's out-of-time appeal, which is the last date Petitioner could have sought review with the United States Supreme Court.

The one-year limitations period ran for 109 days until Petitioner filed his application for post-conviction relief with the state trial court on June 11, 2014.[20]  The trial court denied Petitioner's PCR application on September 22, 2017. Because he did not seek appellate review, the statute of limitations only remained tolled until October 23, 2017, which was the last date Petitioner could have filed a writ application with the First Circuit.  Another 265 days of untolled time passed until Petitioner filed his federal habeas application on July 16, 2018. Because more than a year passed (374 days) during which Petitioner did not have any applications for post-conviction or other collateral review pending before the state courts, Petitioner's federal habeas application in this Court is untimely.

### B.  Petitioner Is Not Entitled to Statutory or Equitable Tolling

This Court must dismiss Petitioner's untimely application unless he can show that he is entitled to statutory tolling of the limitations period under § 2244(d)(1)(B), because there was a state-created impediment to timely filing, or that he is entitled to equitable tolling.

For statutory tolling, Petitioner must show that some state action, in violation of the Constitution or federal law, prevented him from filing a timely petition.[21]  Petitioner has made no such argument or showing in this case.  Accordingly, there is no legal or factual basis in the record to find that Petitioner is entitled to statutory tolling.

---

[20] The PCR application was signed and dated by Petitioner on June 11, 2014 (R. Doc. 10-2, p. 2), but was not notarized until June 13, 2014 (R. Doc. 10-2, p. 3).  Even giving Petitioner the benefit of the date he signed the PCR application, his federal habeas application is not timely.
[21] *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).

4

Nor has Petitioner established that he is entitled to equitable tolling. It is Petitioner's burden to demonstrate that equitable tolling is warranted,[22] which is only "in rare and exceptional circumstances."[23] Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."[24] "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."[25] Ignorance of the law, lack of knowledge of filing deadlines, or a temporary denial of access to research materials or to an adequate law library are generally not sufficient to warrant equitable tolling.[26] The Fifth Circuit takes a holistic approach to determining whether equitable tolling is warranted—there is no bright line rule.[27]

Construing his federal habeas application liberally, Petitioner appears to ask for equitable tolling based on his mental illness.[28] Although mental illness may warrant equitable tolling, a petitioner must first make a threshold showing of incompetence and must show that his incompetence affected his ability to file a timely habeas petition.[29] Petitioner has not done so. Conclusory allegations regarding mental illness are insufficient to invoke equitable tolling.[30] In

---

[22] *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).
[23] *See United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000).
[24] *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).
[25] *Hardy,* 577 F.3d at 598, *citing In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006).
[26] *Tate v. Parker*, 439 Fed.Appx. 375, 376 (5th Cir. 2011), *citing Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) and *Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir. 2000).
[27] *See Diggs v. Vannoy*, 840 Fed.Appx. 779, 781 (5th Cir. 2021) ("Equitable tolling is discretionary, does not lend itself to bright-line rules, and turns on the facts and circumstances of a particular case.") (internal quotations and citations omitted).
[28] *See* R. Doc. 1, p. 13 and R. Doc. 11, p. 1 ("[P]etitioner asserted in his petition for federal habeas corpus that he is mentally intellectual [sic] disabled and is thereby exempt from the one year federal antiterrorism time limitations for the filing for federal habeas relief.").
[29] *Jones v. Stephens*, 541 Fed.Appx. 499, 505 (5th Cir. 2013).
[30] *See Smith v. Kelly*, 301 Fed.Appx. 375 (5th Cir. 2008). The state court record contradicts Petitioner's assertions that his mental illness prohibited him from asserting his rights. Petitioner successfully filed a pro se brief with the First Circuit asserting the same ineffective assistance of counsel claim (R. Doc. 10-1, pp. 122-129). He also filed a postconviction application and briefed the legal issues on his ineffective assistance of counsel claim with the

5

any event, the Court is also precluded from considering Petitioner's claims because they are unexhausted and procedurally barred.

### III.  Petitioner's Claims are Unexhausted and Procedurally Barred

Under 28 U.S.C. § 2254(b) and (c), a claimant seeking habeas corpus relief in federal court is required to first exhaust his claims by presenting them for review before the courts of the state in which he is confined. The exhaustion requirement is satisfied only when a petitioner's claims have been properly presented to the state's highest court, either on direct review or on post-conviction attack.[31] As a general rule, federal habeas corpus relief is available on a habeas petition only when all claims in the petition have been exhausted through the state courts.[32]

On direct appeal, Petitioner filed a pro se brief with the First Circuit contending that his trial counsel was ineffective for failing to investigate his mental illness and to raise a defense regarding his competency. The First Circuit dismissed Petitioner's claim as improper for appellate review, stating:

> The defendant's allegations of ineffective assistance regarding his competency and mental state relate to pretrial and trial preparation and strategy. Decisions relating to investigation, preparation, and strategy cannot possibly be reviewed on appeal. Only in an evidentiary hearing in the district court, where the defendant could present evidence beyond what is contained in the instant record, could these allegations be

---

Nineteenth Judicial District Court (R. Doc. 10-4, pp. 49-76, 23-28). The Commissioner at the Nineteenth Judicial District Court found that Petitioner's trial counsel was not deficient for failing to seek a sanity commission or assert a defense of not guilty by reason of insanity. The Commissioner's Recommendation cited factual findings supporting counsel's decision, including Petitioner's ability to communicate the facts and circumstances of the crime to his trial counsel, his ability to aid trial counsel in preparation for trial, his statements to the police, "I know what I did… I shanked my old lady", and the *Boykin* examination that occurred when Petitioner waived a trial by jury (R. Doc. 10-4, pp. 14-22). Nor has Petitioner explained why it took 265 days after his PCR application was denied to file his federal habeas application, or, more to the point, what impediments existed during that 265-day period that were sufficiently resolved when he finally did file his federal application.

[31] *Bufalino v. Reno,* 613 F.2d 568, 570 (5th Cir. 1980).
[32] *Rose v. Lundy,* 455 U.S. 509, 510 (1982).

6

sufficiently investigated. Thus, these allegations are not subject to appellate review.[33]

Heeding the First Circuit's direction, Petitioner asserted his ineffective assistance of counsel claim in his PCR application, filed with the Nineteenth Judicial District Court for the Parish of East Baton Rouge on June 11, 2014.[34] The district court held an evidentiary hearing on February 18, 2016.[35] After considering documentary evidence and testimony from Petitioner's trial counsel and mother, the district court found that Petitioner failed to demonstrate that his counsel's performance was deficient under *Strickland v. Washington*.[36] Petitioner did not seek a supervisory writ with the First Circuit or the Louisiana Supreme Court as to his PCR application.

Because the Louisiana Supreme Court never reviewed the merits of Petitioner's ineffective assistance of counsel claim, Petitioner has failed to exhaust the substance of his petition with the Louisiana state courts. Per the First Circuit's ruling on direct appeal, the only procedurally proper mechanism for Petitioner to pursue his ineffective assistance of counsel claim was through the post-conviction process. However, Petitioner never sought review of the trial court's ruling on his PCR application with the First Circuit or the Louisiana Supreme Court.[37] If Petitioner were to now assert his ineffective assistance of counsel claim before the state appellate courts, the claim would be rejected as untimely and procedurally barred.[38]

A habeas petitioner who has failed to properly present a federal constitutional claim to the state courts may nonetheless be considered to have "technically exhausted" his state remedies if

---

[33] R. Doc. 10-1, p. 140; *State v. Taylor*, 2012-1640 (La. App. 1 Cir. 4/26/13), 2013 WL 1791046 (internal citations omitted).
[34] R. Doc. 10-4, pp. 59-65.
[35] R. Doc. 10-4, pp. 90-135.
[36] 466 U.S. 668 (1984); R. Doc. 10-4, pp. 14-22; R. Doc. 10-4, p. 12.
[37] *Coleman v. Thompson*, 501 U.S. 722 (1991) ("[A] habeas petitioner who has failed to meet the state's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance").
[38] Petitioner could not now seek review of his claim in either the First Circuit or the Louisiana Supreme Court. *See* Uniform Rules, Courts of Appeal, Rule 4–3; Supreme Court Rule X, § 5(a).

the state courts are no longer available to review the claims because of a procedural bar.[39] A claim is considered to be "technically exhausted" when state relief is no longer procedurally available in connection with the claim, without regard to whether the claim was actually exhausted by presentation before the state courts.[40] When a petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claim in order to meet the exhaustion requirement would now find the claim procedurally barred, then the claim is technically exhausted and procedurally defaulted in the state court.[41] Federal review of the claim is then precluded unless the petitioner can show "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claim [] will result in a fundamental miscarriage of justice."[42]

Petitioner has not demonstrated cause for the default. Although he has referenced his mental illness, he has not established his mental state during the applicable time, nor has he established that his mental state prevented him from completing the review process in state court for his ineffective assistance of counsel claim. Further, he has only stated in a conclusory fashion that failure to consider his claims will result in a fundamental miscarriage of justice.[43] To show a fundamental miscarriage of justice, Petitioner would have to demonstrate that he is actually innocent of the offense.[44] Petitioner cannot make this showing. At trial, he admitted to stabbing the victim,[45] testified he brought the knife with him from home to "do what he did,"[46] and acknowledged that he deserved a life sentence.[47]

---

[39] *See Busby v. Dretke,* 359 F.3d 708, 724 (5th Cir. 2004).
[40] *See Coleman,* 501 U.S. at 732.
[41] *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997); s*ee also Magouirk v. Phillips,* 144 F.3d 348 (5th Cir. 1998).
[42] *Jones v. Jones,* 163 F.3d 285, 296 (5th Cir. 1998) (citations omitted).
[43] *See* R. Doc. 1, p. 14.
[44] *Ortez v. Dretke*, 108 Fed.Appx. 188, 190 (5th Cir. 2004), citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986).
[45] R. Doc. 10-1, p. 81.
[46] R. Doc. 10-1, pp. 84-85.
[47] R. Doc. 10-1, p. 86.

Petitioner has failed to exhaust all available state remedies and the Louisiana state appellate courts to which he would be required to petition for review would now find his claim procedurally barred.[48] Petitioner has not demonstrated cause and prejudice or that failure to consider his claims would result in a fundamental miscarriage of justice. As such, Petitioner's application is procedurally defaulted, and this Court is barred from undertaking review.[49]

## IV.  A Certificate of Appealability Should Be Denied

Should Petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[50] Although Petitioner has not yet filed a Notice of Appeal, the Court may address whether he would be entitled to a certificate of appealability.[51] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[52] In cases where the court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional rights *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[53] Reasonable jurists would not debate the correctness of the procedural ruling that Petitioner's claims are untimely, unexhausted and procedurally barred. Accordingly, in the event Petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

---

[48] *See Bledsue v. Johnson,* 188 F.3d 250, 254 (5th Cir. 1999).
[49] *Sones v. Hargett,* 61 F.3d 410, 416. Even were this Court to reach the merits of Petitioner's claim, he has not rebutted by clear and convincing evidence the presumption that the factual findings of the Commissioner on his PCR application were correct, as required under 28 U.S.C. § 2254(e). *See* n. 30, *supra*, and R. Doc. 10-4, pp. 14-22.
[50] 28 U.S.C. § 2253(c)(1)(A).
[51] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[52] 28 U.S.C. § 2253(c)(2).
[53] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006), citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis in original).

9

## RECOMMENDATION

**IT IS RECOMMENDED** that Petitioner's application for habeas corpus relief[54] be **DENIED** as untimely, unexhausted, and procedurally barred, and that this proceeding be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED** if Petitioner seeks to pursue an appeal.

Signed in Baton Rouge, Louisiana, on August 19, 2021.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[54] R. Doc. 1

10